Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

R. Charles Henn Jr. (*pro hac vice* pending)
chenn@kilpatricktownsend.com
Jennifer Fairbairn Deal (*pro hac vice* pending)
jdeal@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; **ADIDAS AG**, a foreign entity; **ADIDAS INTERNATIONAL MARKETING B.V.**, a foreign entity, <br><br> Plaintiffs, <br><br> v. <br><br> **PUMA NORTH AMERICA, INC.**, a Delaware corporation, <br><br> Defendant. | No. _____ <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT** <br> (Trademark Infringement, Unfair Competition, Trademark Dilution, and Deceptive Trade Practices) <br><br> **DEMAND FOR JURY TRIAL** |

1- COMPLAINT FOR TRADEMARK INFRINGEMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Plaintiffs adidas America, Inc., adidas AG, and adidas International Marketing B.V. (collectively, "adidas") state the following for their Complaint against Puma North America, Inc. ("Puma").

## I.    INTRODUCTION

1.    For over sixty years, adidas has manufactured, advertised, marketed, promoted, distributed, and sold footwear and apparel bearing its famous and distinctive Three-Stripe trademark (the "Three-Stripe Mark"), which is covered by numerous incontestable federal trademark registrations.

2.    adidas's Three-Stripe Mark is particularly well known among soccer athletes, soccer fans, and consumers of soccer footwear, apparel, and equipment. As the sponsor of the FIFA World Cup, Major League Soccer, numerous famous international club teams and players, and many national soccer clubs and players, millions of people around the world and in the United States are exposed to the iconic Three-Stripe Mark in connection with the sport of soccer. Such prominent use of the Three-Stripe Mark in connection with such an enormously popular sport further has enhanced the mark's recognition and fame.

3.    adidas has made longstanding use of the Three-Stripe Mark on athletic footwear and apparel, including soccer cleats, examples of which are shown below:

 

2-    COMPLAINT FOR TRADEMARK
       INFRINGEMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



4.      Despite adidas's longstanding rights in the Three-Stripe Mark, Puma recently began offering for sale a soccer cleat bearing a confusingly similar imitation of adidas's Three-Stripe Mark, as shown in the photograph below (the "Infringing Cleat"):



5.      Puma is not only a direct competitor, but shares a mutual history with adidas. adidas and Puma were founded by brothers Adi Dassler and Rudolph Dassler. Both companies' corporate headquarters are still located in the same small town in southern Germany. Puma is

3-    COMPLAINT FOR TRADEMARK
       INFRINGEMENT

21184-0120/LEGAL134502546.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

thus intimately familiar with adidas's Three-Stripe Mark and the enormous goodwill it represents. Thus, Puma's use of four diagonal stripes on the side of the Infringing Cleat is a blatant attempt by Puma to trade on the goodwill and commercial magnetism adidas has built up in the Three-Stripe Mark and to free-ride on adidas's fame as a preeminent soccer brand.

6.      In short, the Infringing Cleat imitates adidas's Three-Stripe Mark in a manner that is likely to cause consumer confusion and deceive the public regarding the source, sponsorship, and/or affiliation of that footwear. Puma's sale of the Infringing Cleat is therefore unlawful and is causing irreparable harm to adidas's brand.

7.      adidas brings this action at law and in equity for trademark infringement and dilution, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2009) ("Lanham Act"); the anti-dilution laws of several states; the fair business practices and unfair and deceptive trade practices acts of several states; and the common law. Among other relief, adidas asks this Court to: (a) preliminarily enjoin Puma from distributing, marketing or selling footwear bearing a confusingly similar imitation of the Three-Stripe Mark; (b) permanently enjoin Puma from distributing, marketing or selling footwear using or bearing a confusingly similar imitation of the Three-Stripe Mark; (c) award adidas monetary damages and to treble that award; (d) require Puma to disgorge all profits from sales of the Infringing Cleat; and (e) award adidas punitive damages, attorneys' fees, and costs.

## II.    PARTIES

8.      Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

9.      Plaintiff adidas International Marketing B.V. is organized under the laws of the Netherlands, having a principal place of business at Atlas Arena Offices, Africa Building, Hoogoorddreef 9-A, 1101 BA Amsterdam Zuidoost, Netherlands.

10.      Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217. adidas America, Inc. directs all United States-based operations on behalf of adidas AG and adidas International Marketing B.V., including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of and for ADIDAS-branded merchandise, including goods bearing the distinctive Three-Stripe Mark. adidas AG, adidas International Marketing B.V., and adidas America, Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

11.      On information and belief, Puma North America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 10 Lyberty Way, Westford, Massachusetts 01886. On information and belief, Puma manufactures, distributes, markets, and sells the Infringing Cleat.

## III.    JURISDICTION AND VENUE

12.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over adidas's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

13.      This Court has personal jurisdiction over Puma because, on information and belief, (a) Puma has marketed, distributed, offered for sale, and/or sold the Infringing Cleat to persons within the State of Oregon; (b) Puma regularly transacts and conducts business within

5-    COMPLAINT FOR TRADEMARK INFRINGEMENT

21184-0120/LEGAL134502546.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

the State of Oregon; and/or (c) Puma has otherwise made or established contacts within the State of Oregon sufficient to permit the exercise of personal jurisdiction.

14.     The District of Oregon is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to adidas's claims occurred in this District.

## IV.     FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.     The Famous Three-Stripe Mark

15.     adidas is currently, and for years has been, one of the world's leading manufacturers of athletic footwear, sportswear, and sporting equipment. Over sixty (60) years ago, adidas first placed three parallel stripes on its athletic shoes, and the Three-Stripe Mark came to signify the quality and reputation of adidas footwear to the sporting world early in the company's history.

16.     At least as early as 1952, adidas began using the Three-Stripe Mark on footwear sold in the United States and worldwide. The Three-Stripe Mark quickly came to signify the quality and reputation of adidas footwear. Pages from adidas catalogs featuring footwear bearing the Three-Stripe Mark are attached as **Exhibit 1**.

17.     adidas is the owner of a federal trademark registration, Reg. No. 1,815,956, issued by the United States Patent and Trademark Office ("PTO") on January 11, 1994, for the Three-Stripe Mark, as depicted below, for "athletic footwear."

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 2**.

18.    adidas is the owner of a federal trademark registration, Reg. No. 1,833,868, issued by the PTO on May 3, 1994, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 3**.

19.    adidas is the owner of a federal trademark registration, Reg. No. 2,278,589, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."

7-    COMPLAINT FOR TRADEMARK
        INFRINGEMENT

21184-0120/LEGAL134502546.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



Affidavits have been filed pursuant to Sections 8 and 15 and the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 4**.

20.    adidas is the owner of a federal trademark registration, Reg. No. 3,029,129, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, covering "footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 5**.

21.    adidas is the owner of a federal trademark registration, Reg. No. 3,029,135, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, covering "footwear."

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 6**.

22.     At least as early as 1967, adidas began using the Three-Stripe Mark on apparel sold in the United States and worldwide. Pages from adidas catalogs featuring apparel bearing the Three-Stripe Mark are attached as **Exhibit 7**.

23.     adidas is the owner of a federal trademark registration, Reg. No. 2,058,619, issued by the PTO on May 6, 1997, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shirts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 8**.

24.     adidas is the owner of a federal trademark registration, Reg. No. 3,029,127, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, for "clothing, namely, T-shirts, sweatshirts, jackets and coats."

9-   COMPLAINT FOR TRADEMARK
     INFRINGEMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 9**.

25.     adidas is the owner of a federal trademark registration, Reg. No. 3,087,329, issued by the PTO on May 2, 2006, for the Three-Stripe Mark, as depicted below, for "clothing, namely, shirts, T-shirts, sweatshirts, vests, jackets and coats."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 10**.

26.     adidas is the owner of a federal trademark registration, Reg. No. 2,278,591, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shorts."

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 11**.

27.    adidas is the owner of a federal trademark registration, Reg. No. 2,284,308, issued by the PTO on October 12, 1996, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely pants."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 12.**

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

28.    adidas is the owner of a federal trademark registration, Reg. No. 4,910,643, issued by the PTO on March 8, 2016, for the Three-Stripe Mark, as depicted below, for a variety of products, including clothing, footwear, sporting goods, and bags.



A copy of the Certificate of Registration for this mark is attached as **Exhibit 13.**

29.    adidas also owns numerous additional trademark registrations for the Three-Stripe Mark covering footwear and apparel, many of which are incontestable, including Reg. Nos. 870,136, 961,353, 2,016,963, 2,909,861, 2,999,646, 3,063,742, 3,063,745, 3,183,656, 3,183,663, and 3,236,505. Copies of the Certificates of Registration for each of these marks are attached collectively as **Exhibit 14**.

30.    Additionally, adidas owns federal registrations for verbal trademarks using the term "3 stripes," including THE BRAND WITH THE 3 STRIPES, Reg. No. 1,674,229, for "sport and leisure wear." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 15**.

31.    adidas's Three-Stripe Mark is well known and famous and has been for over half a century. adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of

12-  COMPLAINT FOR TRADEMARK
INFRINGEMENT

21184-0120/LEGAL134502546.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

athletic tournaments and organizations and many collegiate sports teams like the University of Nebraska, the University of Louisville, the University of Michigan, Arizona State University, Indiana University, the University of Kansas, and the University of Miami. Among many other professional athletes, including the professional soccer players mentioned throughout this Complaint, adidas sponsors (a) NFL stars Aaron Rodgers, DeMarco Murray, Jimmy Graham, Von Miller, Sammy Watkins, Dak Prescott, and Robert Griffin III; (b) NBA stars Damian Lillard, James Harden, Andrew Wiggins, Harrison Barnes, and Derrick Rose; (c) baseball players Josh Harrison, Justin Upton, Kris Bryant, Carlos Correa, and Melvin Upton Jr.; and (d) professional golfers Sergio Garcia, Dustin Johnson, and Jason Day. For decades, adidas also has sponsored the world-famous Boston Marathon, along with many other sporting events, teams, and individuals.

32.    adidas has also used the Three-Stripe Mark in connection with its frequent sponsorship of musical artists, including pop stars Katy Perry and Selena Gomez and iconic rappers B.o.B, Snoop Dogg, Pharrell Williams, and Kanye West.

33.    Of particular importance here, adidas's fame and reputation among soccer players, fans, and enthusiasts is unparalleled. Not only has adidas been the official sponsor of the FIFA World Cup soccer tournament for more than forty (40) years, adidas has sponsored numerous soccer stars, including David Beckham, Zinedine Zidane, Lionel Messi, Paul Pogba, Heather O'Reilly, Gareth Bale, Omar Gonzalez, and Christie Rampone. In addition to international fame in the soccer arena, adidas is the official sponsor of Major League Soccer ("MLS") in North America, as well as the exclusive apparel provider for each of the MLS teams, including the Portland Timbers, Seattle Sounders, and L.A. Galaxy. Through this arrangement,

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

the Three-Stripe Mark is prominently displayed on every MLS team's uniform, further cementing adidas's brand associations with elite soccer players across the United States.

34.    For over six decades, adidas has designed, manufactured, and sold soccer cleats bearing the Three-Stripe Mark. In 1979, adidas released the Copa Mundial soccer cleat, which prominently features the Three-Stripe Mark. The Copa Mundial shoe, depicted below, has remained one of the most popular soccer cleats in the United States for at least the last twenty years.



35.    In 1994, adidas began offering the Predator, an example of which is pictured below, another soccer cleat bearing the well-known Three-Stripe Mark. Worn by soccer greats David Beckham, Zinedine Zidane, and Raul Gonzalez Blanco, among others, prominent use of the Three-Stripe Mark in connection with the Predator has further enhanced the Three-Stripe Mark's recognition and fame, particularly within the soccer category.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

36.     Throughout the years, soccer has remained a core part of the adidas brand. In fact, each year adidas offers specialized soccer footwear, apparel, and hardware bearing the Three-Stripe Mark. A representative sample of recent product offering is attached as **Exhibit 16.**

37.     As a result of adidas's extensive promotional efforts, and its global commitment to the sport of soccer in particular, the public associates adidas with soccer. Indeed, unsolicited media coverage has referred to several adidas cleats by name, including in the following articles: "The Best Soccer Cleats of the 2016-2017 Season" (Jussim, Matthew, *Men's Fitness*, Oct. 17, 2016), "The 20 Most Memorable Shoes in Soccer History" (Rockwell, Taylor, *Paste Magazine*, Oct. 28, 2015), and "The 25 Best Soccer Cleats of All Time" (*Complex* available at http://www.complex.com/sneakers/2012/11/the-25-best-soccer-cleats-of-all-time).

38.     Further, the media—and especially consumers of soccer apparel and footwear—well recognize and understand that the Three-Stripe Mark distinguishes and identifies adidas's merchandise. For example, news outlets have referred to "the iconic adidas three stripes" (Brettman, Allan, "World Cup Brings New Shoes, Uniforms from Adidas, Nike," *The Oregonian*, Feb. 17, 2014), adidas's "trademark three-stripe sneakers" (Brettman, Allan, "Adidas lifts 2012 forecast as sales in China soar in Q1," *The Oregonian*, May 1, 2012), "the adidas stripes" (Brettman, Allan, "A $35 Swoosh of Genius," *The Oregonian*, June 16, 2011), adidas's "ubiquitous three stripes" (Brettman, Allan, "Going 'All In' Against Nike," *The Oregonian*, March 15, 2011), the "trademark three-stripe logo" (Pennington, Bill, "Belts That Do More Than Hold Up Pants," *New York Times*, July 27, 2009), the "iconic three stripes" ("Game Time," *Footwear News*, June 16, 2008), the "signature three stripes" (Moore, Booth, "Ringing Endorsements; Form Follows Function with Much Olympic Wear, but Fashion and Funding are

15- COMPLAINT FOR TRADEMARK INFRINGEMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

also at Play," *L.A. Times*, August 13, 2004), the "famous brand with the three stripes" (Whiting, Sam, "Must Have," *San Francisco Chronicle*, July 7, 2002), and the "legendary Adidas three stripes" ("Coty Inc.," *Brand Strategy*, September 27, 1999).

39.    For decades, adidas has extensively and continuously used and promoted the Three-Stripe Mark in connection with footwear and apparel, including soccer cleats, which has resulted in extensive sales under the Three-Stripe Mark. In recent years, annual sales of products bearing the Three-Stripe Mark have totaled in the billions of dollars globally and in excess of one billion dollars within the United States. The Three-Stripe Mark has achieved international fame and tremendous public recognition.

40.    adidas has spent hundreds of millions of dollars promoting the Three-Stripe Mark and products bearing the mark. For example, in March 2011, adidas launched an advertising campaign in the United States "featuring [then] Chicago Bulls guard Derrick Rose, rapper B.o.B and pop singer Katy Perry, among others," that "highlights [adidas's] imprint on the worlds of sports, music and fashion," and "show[s] the breadth and depth of the Adidas brand." A March 15, 2011, article from *The Oregonian* describing this advertising campaign is attached as **Exhibit 17**. Similarly, adidas launched a "Sport 15" advertising campaign, which represents adidas's biggest ad spend in the United States. The campaign features soccer superstar Lionel Messi and other famous athletes. A February 13, 2015, article from *AdWeek* describing adidas's Sport 15 advertising campaign is attached as **Exhibit 18**.

41.    As a result of adidas's continuous and exclusive use of the Three-Stripe Mark in connection with its products, the mark enjoys wide public acceptance and association with

16- COMPLAINT FOR TRADEMARK
    INFRINGEMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

adidas, and has come to be recognized widely and favorably by the public as an indicator of the origin of adidas's goods.

42.     As a result of adidas's extensive use and promotion of the Three-Stripe Mark, adidas has built up and now owns extremely valuable goodwill that is symbolized by the mark. The purchasing public has come to associate the Three-Stripe Mark with adidas.

**B.     Puma's Unlawful Activities**

43.     In blatant disregard of adidas's rights, Puma is manufacturing, producing, marketing, distributing, offering for sale, and selling in interstate commerce a soccer cleat bearing a design consisting of four diagonal stripes in the midfoot portion of the shoe (the "Infringing Stripe Design"). The Infringing Stripe Design, as depicted below and in the attached **Exhibit 19**, closely mimics the placement, shape, and design of the Three-Stripe Mark on adidas's soccer cleats and other adidas footwear:



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

44.     As adidas's direct competitor, Puma is offering the Infringing Cleat to the same consumers as adidas *and* Puma's Infringing Cleat is sold next to or near adidas's products in overlapping channels of trade.

45.     Without doubt, Puma had knowledge of and was very familiar with the Three-Stripe Mark when it began designing, manufacturing, distributing, marketing, promoting, offering for sale, and selling the Infringing Cleat. Clearly, Puma intentionally adopted and used a confusingly similar imitation of the Three-Stripe Mark knowing that the Infringing Stripe Design would mislead and deceive consumers into believing that Puma's footwear was produced, authorized, or licensed by adidas, or that the footwear originated from adidas.

46.     The Infringing Cleat designed, manufactured, sourced, distributed, marketed, promoted, offered for sale, and sold by Puma is not manufactured by adidas. Nor is Puma associated, affiliated, or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

47.     adidas used the Three-Stripe Mark extensively and continuously before Puma began: (i) using the Infringing Stripe Design on footwear or (ii) designing, manufacturing, distributing, marketing, promoting, offering for sale, and selling the Infringing Cleat.

48.     The likelihood of confusion, mistake, and deception engendered by Puma's infringement of adidas's Three-Stripe Mark is causing irreparable harm to the goodwill symbolized by the mark and the reputation for quality that it embodies.

49.     Puma's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing Puma's Infringing Cleat at the point of sale or on a wearer are likely—due to Puma's use of a confusingly similar

imitation of adidas's Three-Stripe Mark—to mistakenly attribute the footwear to adidas. By causing a likelihood of confusion, mistake, and deception, Puma is inflicting irreparable harm on the goodwill symbolized by adidas's Three-Stripe Mark and the reputation for quality that it embodies.

50.    On information and belief, Puma continues to use the Infringing Stripe Design in connection with the sale of footwear that directly competes with the footwear offered by adidas. Puma began selling the Infringing Cleat well after adidas had established protectable rights in the Three-Stripe Mark and well after the Three-Stripe Mark had become famous.

51.    On further information and belief, Puma knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar imitation of adidas's Three-Stripe Mark.

### FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

52.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

53.    Puma's use of a confusingly similar imitation of adidas's Three-Stripe Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Puma's goods are manufactured or distributed by adidas, or are associated or connected with adidas, or have the sponsorship, endorsement, or approval of adidas.

54.    Puma's Infringing Stripe Design is confusingly similar to adidas's federally registered marks in violation of 15 U.S.C. § 1114. Puma's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by adidas's Three-Stripe Mark, for which adidas has no adequate remedy at law.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

55.    Puma's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to adidas's great and irreparable harm.

56.    Puma caused and is likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to injunctive relief and to recover Puma's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

57.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

58.    Puma's use of a confusingly similar imitation of adidas's Three-Stripe Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Puma's goods are manufactured or distributed by adidas, or are affiliated, connected, or associated with adidas, or have the sponsorship, endorsement, or approval of adidas.

59.    Puma has made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a). Puma's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by adidas's Three-Stripe Mark, for which adidas has no adequate remedy at law.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

60. Puma's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

61. Puma's conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas. adidas is entitled to injunctive relief and to recover Puma's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### THIRD CLAIM FOR RELIEF
**(Federal Trademark Dilution of the Three-Stripe Mark)**

62. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

63. For decades, adidas has exclusively and continuously promoted and used the Three-Stripe Mark, both in the United States and throughout the world. The Three-Stripe Mark became a famous and well-known symbol of adidas and adidas's products well before Puma began using the Infringing Stripe Design or offered the Infringing Cleat for sale.

64. Puma is making use in commerce of the Infringing Stripe Design, which dilutes and is likely to dilute the distinctiveness of adidas's Three-Stripe Mark by eroding the public's exclusive identification of this famous mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish adidas's goods.

65. Puma's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the mark to the great and irreparable injury of adidas.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0120/LEGAL134502546.1

66.     Puma has caused and will continue to cause irreparable injury to adidas's goodwill and business reputations, and dilution of the distinctiveness and value of adidas's famous and distinctive Three-Stripe Mark in violation of 15 U.S.C. § 1125(c). adidas therefore is entitled to injunctive relief and to Puma's profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## FOURTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

67.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

68.     Puma has been and is passing off its goods as those of adidas, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Puma's goods, causing a likelihood of confusion as to Puma's affiliation, connection, or association with adidas, and otherwise damaging the public.

69.     Puma's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio,

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

70.    Puma's unauthorized use of a confusingly similar imitation of adidas's Three-Stripe Mark has caused and is likely to cause substantial injury to the public and to adidas. adidas, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

71.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

72.    Puma's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of adidas. adidas has no adequate remedy at law for this injury.

73.    On information and belief, Puma acted with full knowledge of adidas's use of, and statutory and common law rights to, adidas's Three-Stripe Mark and without regard to the likelihood of confusion of the public created by Puma's activities.

74.    Puma's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

75.    As a result of Puma's acts, adidas has been damaged in an amount not yet determined or ascertainable. At a minimum, however, adidas is entitled to injunctive relief, to an accounting of Puma's profits, damages, and costs. Further, in light of the deliberate and

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

malicious use of a confusingly similar imitation of adidas's Three-Stripe Mark, and the need to

deter Puma from engaging in similar conduct in the future, adidas additionally is entitled to

punitive damages.

<u>SIXTH CLAIM FOR RELIEF</u>
**(State Trademark Dilution and Injury to Business Reputation)**

76.     adidas repeats and incorporates by reference the allegations in the preceding

paragraphs.

77.     adidas has extensively and continuously promoted and used the Three-Stripe

Mark throughout the United States, and the Three-Stripe Mark became a distinctive, famous, and

well-known symbol of adidas's goods well before Puma began using the Infringing Stripe

Design or offering the Infringing Cleat for sale.

78.     Puma's conduct dilutes and is likely to dilute the distinctiveness of adidas's

Three-Stripe Mark by eroding the public's exclusive identification of this mark with adidas, and

tarnishing and degrading the positive associations and prestigious connotations of the mark, and

otherwise lessening the capacity of the mark to identify and distinguish adidas's goods.

79.     Puma is causing and will continue to cause irreparable injury to adidas's goodwill

and business reputation and dilution of the distinctiveness and value of adidas's famous and

distinctive mark in violation of the Oregon anti-dilution statute, O.R.S. § 647.107 (2009), as well

as the anti-dilution laws of several other states, including Alabama, ALA. CODE § 8-12-17

(2009); Alaska, ALASKA STAT. § 45.50.180 (Michie 2009); Arizona, ARIZ. REV. STAT.

ANN. § 44-1448.01 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213 (2009); California,

CAL. BUS. & PROF. CODE § 14247 (West 2009); Connecticut, CONN. GEN. STAT. ANN

§ 35-11i(c) (West 2009); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2009); Florida, FLA.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2009); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN. STAT. ANN. § 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009); Montana, MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87-140 (Michie 2009); Nevada, NEV. REV. STAT. 600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2009); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2009); New York, N.Y. GEN. BUS. Law § 360-l (2009); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2009); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina, S. C. CODE ANN. § 39-15-1165 (2009); Tennessee, TENN. CODE ANN. § 47-25-513 (2009); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-3a-403 (2009); Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2009); West Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2009).

80.     adidas, therefore, is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## PRAYER FOR RELIEF

WHEREFORE, adidas prays that:

1.     Puma and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Puma, or in concert or participation with Puma, and each of them, be enjoined from:

     a.    advertising, marketing, promoting, offering for sale, distributing, or selling the Infringing Cleat;

     b.    using the Infringing Stripe Design on or in connection with any of Puma's goods;

     c.    using the Three-Stripe Mark or any other copy, reproduction, colorable imitation, or simulation of adidas's Three-Stripe Mark on or in connection with Puma's goods;

     d.    using any trademark, name, logo, design, or source designation of any kind on or in connection with Puma's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of adidas's trademarks, trade dresses, names, or logos;

     e.    using any trademark, name, logo, design, or source designation of any kind on or in connection with Puma's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by adidas, or are sponsored or authorized by adidas, or are in any way connected or related to adidas;

26-  COMPLAINT FOR TRADEMARK
    INFRINGEMENT

21184-0120/LEGAL134502546.1

f. using any trademark, name, logo, design, or source designation of any kind on or in connection with Puma's goods that dilutes or is likely to dilute the distinctiveness of adidas's trademarks, trade dresses, names, or logos;

g. passing off, palming off, or assisting in passing off or palming off Puma's goods as those of adidas, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

h. advertising, promoting, offering for sale, or selling the Infringing Cleat or other similar goods.

2. Puma be ordered to cease offering for sale, marketing, promoting, and selling and to recall all Infringing Cleats, or any other goods bearing the Infringing Stripe Design or any other a confusingly similar imitation of adidas's Three Stripe Mark that are in Puma's possession or have been shipped by Puma or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Puma;

3. Puma be ordered to deliver up for impoundment and for destruction, all footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials, stationery, or other materials in the possession, custody or under the control of Puma that are found to adopt, infringe, or dilute any of adidas's trademarks or that otherwise unfairly compete with adidas and its products;

4. Puma be compelled to account to adidas for any and all profits derived by Puma from the sale or distribution of the Infringing Cleat;

27- COMPLAINT FOR TRADEMARK INFRINGEMENT

21184-0120/LEGAL134502546.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

5.      adidas be awarded all damages caused by the acts forming the basis of this Complaint;

6.      Based on Puma's knowing and intentional use of a confusingly similar imitation of the adidas Three-Stripe Mark, the damages awarded be trebled and the award of Puma's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.      Puma be required to pay to adidas the costs and reasonable attorneys' fees incurred by adidas in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

8.      Based on Puma's willful and deliberate infringement and/or dilution of the adidas Three-Stripe Mark, and to deter such conduct in the future, adidas be awarded punitive damages;

9.      adidas be awarded prejudgment and post-judgment interest on all monetary awards; and

10.      adidas be granted such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

adidas respectfully demands a trial by jury on all claims and issues so triable.

DATED: February 17, 2017

**PERKINS COIE LLP**

By:   _/s/ Stephen M. Feldman_
     Stephen M. Feldman, OSB No. 932674
     SFeldman@perkinscoie.com
     1120 N.W. Couch Street, Tenth Floor
     Portland, OR 97209-4128
     Telephone: 503.727.2000
     Facsimile: 503.727.2222

Attorneys for Plaintiffs

R. Charles Henn, Jr. (*pro hac vice* pending)
chenn@kilpatricktownsend.com
Jennifer Fairbairn Deal (*pro hac vice* pending)
jdeal@kilpatricktownsend.com
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Attorneys for Plaintiffs